OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
Petitioner brings this CPLR article 78 proceeding seeking to vacate and annul the Parole Board’s June 21, 1986 determination.
On February 15, 1986, while on parole supervision from a sentence of imprisonment of from 7 to 21 years for an attempted murder conviction, petitioner was involved in an incident which resulted in his plea of guilty to assault in the second degree, a class D felony. Petitioner was sentenced as a *192 predicate felony offender to an indeterminate term of imprisonment of from 2V2 to 5 years and appeared for a parole hearing on June 21, 1988. Petitioner was denied parole because the Parole Board believed petitioner was currently unable to live crime-free in the community and thus posed a threat to society.
Petitioner argues there were errors made in computing his guidelines with regard to his minimum period of imprisonment (MPI). The MPI guidelines are based on two major factors — crime severity and past criminal history (see, 9 NYCRR 8001.3). Petitioner contends his crime severity score was greater than a codefendant’s, and therefore erroneous, because his forcible contact category score was based upon the occurrence of a death during the commission of the crime. The codefendant’s score, however was based only upon the occurrence of physical injury. The February 15, 1986 incident involving this petitioner did result in a death. Therefore, any error in the calculation of the forcible contact category scores appears to have been made with respect to the codefendant, not the petitioner.
Petitioner also argues that the Parole Board did not consider the factors enumerated in Executive Law § 259-i. Correction Law § 805, however, states: "Notwithstanding any other provision of law, an inmate who is serving a sentence with a minimum term of not more than six years and who has been issued a certificate of earned eligibility, shall be granted parole release at the expiration of his minimum term or as authorized by subdivision four of section eight hundred sixty-seven unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society.” Petitioner was issued a certificate of earned eligibility and, thus, the Parole Board only had to consider the probability of petitioner violating the law and his compatibility with the general welfare of society.
Petitioner argues that the Parole Board has the burden of proof in demonstrating that petitioner’s release is not compatible with the general welfare of society. Although there is some support for petitioner’s argument (see, Pelgrin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law § 805, 1990 Pocket Part, at 64), the statute clearly enunciates the appropriate standard — a determination by the Parole Board "that there is a reasonable probability *193 that if, [petitioner] is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society.” In arriving at their determination the Parole Board found that the instant offense was committed while petitioner was under parole supervision; that an individual was killed during the incident; and that petitioner had a prior robbery conviction. Under the circumstances there was a basis for the Board’s conclusions in the record and it cannot be said that the Parole Board’s determination was arbitrary and capricious.
Accordingly, the petitioner’s application is denied and the petition is dismissed.